USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/22/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
MANHATTAN ENTERPRISE GROUP, LLC :
and TRACY YUN,                                         :
                                                       :
                           Plaintiffs,                 :     18-CV-6396 (VSB)
                                                       :
            -against-                                  :     **OPINION & ORDER**
                                                       :
THOMAS HIGGINS and JOERN                               :
MEISSNER ,                                             :
                                                       :
                           Defendants.                 :
-------------------------------------------------------X

Appearances:

Oscar Michelen
Cuomo LLC
Mineola, New York
*Counsel for Plaintiff Manhattan Enterprise Group, LLC*

Tracy Yun
New York, New York
*Pro se Plaintiff*

Thomas Patrick Higgins
Higgins & Trippett LLP
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

  Plaintiffs Manhattan Enterprise Group, LLC ("MEP") and Tracy Yun filed this action alleging a cause of action for abuse of process under New York law against Defendants Joern Meissner and Thomas Higgins. Before me are Defendants' motion to dismiss and motion for sanctions. Because Plaintiffs fail to adequately allege a cause of action for abuse of process, Defendants' motion to dismiss is GRANTED. Because Plaintiffs' allegations were not utterly without support, Defendants' motion for sanctions is DENIED.

1

I.  **Background**[1]

This lawsuit is the latest chapter in "an acrimonious dispute arising from the falling-out of former partners – [Defendant] Joern Meissner and [Plaintiff] Tracy Yun – in a business providing test-preparation services." *Manhattan Review LLC v. Yun*, No. 16-cv-102, report and recommendation dated July 1, 2019, (ECF No. 173). I assume the parties' familiarity with the facts underlying their disputes, which are described in detail in various orders and opinions in other related cases. *See, e.g., id.*; *Manhattan Review LLC v. Yun*, 919 F.3d 149, 151–52 (2d Cir. 2019) (collecting cases). In this action, Plaintiffs allege that the several legal proceedings initiated by Defendants constitute the tort of abuse of process under New York state law. Those proceedings include: (1) a lawsuit in New York state court, initiated on March 23, 2012; (2) a lawsuit in the United States District Court for the Southern District of New York, initiated on January 6, 2016; (3) three administrative proceedings before the United States Patent and Trademark Office, Trademark Trial and Appeal Board, initiated on November 3, 2014, February 29, 2016, and March 8, 2016, respectively; and (4) a lawsuit in the Delaware Court of Chancery, initiated on September 29, 2017. (Am. Compl. ¶ 11.)[2]

Ironically, Plaintiffs now seek relief from Defendants' allegedly excessive litigation by initiating additional litigation. Plaintiffs allege that Defendants "continued numerous litigations based on the same set of facts for improper purposes with malice to . . . sue Plaintiff MEP . . . out of existence" by forcing Plaintiffs to expend resources on litigation, to harass Plaintiffs, to bluff

---

[1] The following factual summary is drawn from documents of which I take judicial notice, Plaintiff's video, and the allegations of the Amended Complaint, which I assume to be true for purposes of this motion, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002). My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] "Am. Compl." refers to the Amended Complaint Jury Trial Demanded, filed September 24, 2019. (Doc. 31.)

Plaintiff Yun into a settlement amount to offset Defendant Meissner's debt, and to acquire bargaining power in various collateral disputes, such as a trademark dispute in India. (*Id.* ¶ 24.)

## II. Procedural History

Plaintiffs commenced this action on July 15, 2018 by filing the complaint. (Doc. 1.)[3] On September 1, 2018, Defendants moved to dismiss the Complaint. (Doc. 24.) On September 24, 2018, Plaintiffs filed an amended complaint, pursuant to Rule 15 of the Federal Rules of Civil Procedure ("Amended Complaint"). (Doc. 31.) On October 29, 2018, Defendants filed a motion to dismiss the Amended Complaint, (Doc. 35), with a declaration, (Doc. 36), and a memorandum of law in support, (Doc. 37). Defendants filed a motion for sanctions on November 21, 2018, (Doc. 41), with a declaration, (Doc. 42), and a memorandum of law in support, (Doc. 43). On December 31, 2018, Plaintiffs filed a memorandum and a declaration in opposition to the motion to dismiss. (Docs. 47–48.) On the same day, Plaintiffs filed a memorandum in opposition to the motion for sanctions. (Doc. 46.) On January 24, 2019, Defendants filed a reply memorandum and an affidavit in further support of the motion to dismiss, (Docs. 49–50), and a reply memorandum and an affidavit in further support of the motion for sanctions, (Docs. 51–52). Since that time, the parties have filed numerous letters in further support of their respective positions. (Docs. 53–55, 57–58.)[4]

---

[3] Due to a filing error, the complaint was refiled on July 16, 2018. (Doc. 9.) This document is referred to as the "Complaint."

[4] None of these documents identified supplemental legal authority, and none of the exhibits attached to them was attached to or incorporated by reference into the Amended Complaint, nor did the Amended Complaint rely on their terms and effects. Accordingly, I do not consider them for purposes of Defendants' motion to dismiss. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." (citation omitted)); *id.* at 153 (A court may consider a document not attached or incorporated by reference "where the complaint relies heavily upon its terms and effect, which renders the document 'integral' to the complaint." (internal quotation marks omitted)).

**III.    Legal Standards**

  **A.    *Motion to Dismiss***

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).  Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

  **B.    *Motion for Sanctions***

Rule 11(b)(1) provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief,

formed after an inquiry reasonable under the circumstances[,] it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). A pleading or motion violates Rule 11 if it is "frivolous, legally unreasonable, or factually without foundation, even though not signed in subjective bad faith." *Wechsler v. Hunt Health Sys., Ltd.*, 216 F. Supp. 2d 347, 356 (S.D.N.Y. 2002). Courts have wide discretion in deciding when sanctions are appropriate. *See Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004); *see also Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) ("[S]anctions under Rule 11 are discretionary, not mandatory."). Rule 11 sanctions should be granted with caution and applied only when "a particular allegation is utterly lacking in support." *In re Highgates Equities, Ltd.*, 279 F.3d 148, 154 (2d Cir. 2002) (citation omitted).

Rule 11 also sets forth certain procedural requirements. Rule 11 requires that "[a] motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper . . . is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2). This provision is commonly known as the "safe harbor provision." A motion that fails to comply with the safe harbor provision of Rule 11 must be denied. *See, e.g.*, *Fierro v. Gallucci*, 423 F. App'x 17, 18–19 (2d Cir. 2011) (summary order) (affirming denial of sanctions for failure to comply with 21-day service requirement); *Bryant v. Britt*, 420 F.3d 161, 163 n.2 (2d Cir. 2005) (finding that, because movant "failed to comply" with Rule 11(c), there was "no error in the district court's decision" to deny sanctions); *Targum v. Citrin Cooperman & Co.*, No. 12 Civ. 6909(SAS), 2013 WL 6087400, at *4 (S.D.N.Y. Nov. 19, 2013) ("A motion that fails to comply with the safe harbor provision of Rule 11 must be denied." (citation omitted)). "The

safe-harbor provision is a strict procedural requirement." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012).

**IV.     Discussion**

    **A.     *Abuse of Process***

        **1. Applicable Law**

To state a claim for the tort of abuse of process, a plaintiff must plausibly allege that the defendant "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994). To establish that the defendant issued legal process for a collateral objective, it is not enough for a plaintiff to establish a malicious motive; rather, a plaintiff must show an "improper *purpose* in instigating the action." *Savino v. City of New York*, 331 F.3d 63, 77 (2d Cir. 2003). Moreover, "[t]he pursuit of a collateral objective must occur *after* the process is issued; the mere act of issuing process does not give rise to a claim." *De Santis v. City of New York*, No. 10 Civ. 3508(NRB), 2011 WL 4005331, at *8 (S.D.N.Y. Aug. 29, 2011) (quoting *Lopez v. City of New York*, 901 F. Supp. 684, 691 (S.D.N.Y. 1995)).

        **2. Application**

Plaintiffs correctly identify the three elements of an abuse of process tort. (*See* Pls.' MTD Opp. 14–15 (citing *Lieberman v. Pobiner, London, Bashian & Buonamici*, 190 A.D.2d 716 (2d Dep't 1993)).)[5] However, instead of demonstrating that each element of the tort is adequately supported by allegations in the Amended Complaint, by comparison to other abuse-

---

[5] "Pls.' MTD Opp." refers to Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, filed December 31, 2018. (Doc. 47.)

of-process cases, Plaintiffs advance an argument that the "filing of multiple duplicative lawsuits in multiple courts by Defendants, improper or not," when viewed "in the totality of the bitter campaign waged by Defendants, not to resolve a valid legal dispute, but to ruin [Plaintiffs]" constitutes abuse of process. (*See id.* at 15.) In support of this novel theory, Plaintiffs cite multiple unrelated and inapposite cases. (*See, e.g.*, *id.* at 17 (citing *Banushi v. Law Office of Scott W. Epstein*, 973 N.Y.S.2d 198 (1st Dep't 2013) (affirming an order barring a party from initiating further litigation, but including no discussion of the tort of abuse of process)); *id.* (citing *Capogrosso v. Kansas*, 874 N.Y.S.2d 376 (1st Dep't 2009) (affirming an order barring a party from initiating further litigation, and making reference to "abuse of the judicial process," but making no finding regarding tort liability for abuse of process)); *id.* (citing *Dimery v. Ulster Sav. Bank*, 920 N.Y.S.2d 144 (2d Dep't 2011) (same)); *id.* (citing *Common Ground Cmty., H.D.F.C., Inc. v. Curry*, 932 N.Y.S.2d 759 (1st Dep't 2011) (same)); *id.* (citing *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982) (affirming the power of a district court to grant injunctive relief against vexatious litigation under the All Writs Act, but making no finding as to tort liability for abuse of process)).)

Plaintiffs' abuse of process claim is grounded in New York state common law; however, Plaintiffs rely on a decision—without explaining why it qualifies as binding authority—from a federal court in Pennsylvania that includes no discussion of New York law. (*See id.* at 18 (citing *Pellegrino Food Prods. Co. v. City of Warren*, 136 F. Supp. 2d 391, 395 (W.D. Pa. 2000)).) Plaintiffs also rely on a New York state trial court order that was reversed and vacated on appeal, and provide no explanation or argument why it would be proper for me to rely on the reversed order. (*See id.* at 19 (citing *Peerless Abstract Corp. v. Seltzer*, 2005 N.Y. Misc. LEXIS 3290 (Sup. Ct. Suff. Mar. 22, 2005), *reversed and vacated*, 824 N.Y.S.2d 717 (2d Dep't 2006)).)

Plaintiffs identify only two cases that ostensibly support their novel theory. (*See id.* at 16 (citing *Metro Sixteen Hotel, LLC v. Davis*, 2014 N.Y. Misc. LEXIS 4149, at *5–6 (Sup. Ct. N.Y. Sept. 15, 2014) (initiation of twenty-three lawsuits sufficient to maintain abuse of process cause of action)); *id.* at 18 (citing *Hirschfeld v. Spanakos*, 871 F. Supp. 190, 194–95 (S.D.N.Y. 1994) (finding that allegations that an appeal and motion for stay were specifically calculated to undercut plaintiff's First Amendment rights and were sufficient to support abuse of process claim).) As an initial matter, these cases are readily distinguishable from the instant case. In *Metro Sixteen Hotel*, the plaintiff had "initiated twenty-three different civil cases" for the collateral purpose of attempting to extort plaintiff for employment. *See* 2014 N.Y. Misc. LEXIS 4149, at *5. Here, Plaintiffs allege that Defendants have initiated only three civil lawsuits and three administrative proceedings. (*See* Am. Compl. ¶ 11.) In *Hirschfeld*, Judge Kaplan found that the *Noerr* rule of antitrust immunity applied to the specific facts of that case by analogy. *See Hirschfeld*, 871 F. Supp. at 194–95 (citing *E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 143–44 (1961)). Plaintiffs make no attempt to demonstrate that the facts in this case are similar to those in *Hirschfeld*, and that the *Noerr* rule should therefore apply.

More importantly, *Metro Sixteen Hotel* and *Hirschfeld* run contrary to the overwhelming weight of authority that "the institution of a civil action by summons and complaint is not legally considered process capable of being abused." *Curiano v. Suozzi*, 63 N.Y.2d 113, 114 (1984);[6] *see also, e.g.*, *Riddell Sports Inc. v. Brooks*, 872 F. Supp. 73, 79 (S.D.N.Y. 1995) (collecting

---

[6] The rule applied in *Curiano* is binding on me, regardless of any decision by a New York trial court or another federal district court. *See In re Joint E. & S. Dist. New York Asbestos Litig.*, 897 F.2d 626, 636 (2d Cir. 1990) ("When a federal court applies state law, it looks to the ruling of the state's highest court.").

8

cases); *Alexsey v. Kelly*, 614 N.Y.S.2d 734, 735–36 (2d Dep't 1994) ("[T]he mere commencement of a judicial proceeding does not constitute abuse of process."); *cf. Sipsas v. Vaz*, 855 N.Y.S.2d 248, 249 (2d Dep't 2008) (holding that wrongfully naming a person "as a defendant in [a] prior action, was insufficient to state such a cause of action" for abuse of process). Because Plaintiffs have not asserted "process prohibiting or compelling any form of performance, [they] have not adequately stated a cause of action for abuse of process." *Riddell Sports*, 872 F. Supp. at 79; *see also Julian J. Studley, Inc. v. Lefrak*, 41 N.Y.2d 881, 884 (1977) (finding that an affidavit did not constitute process because it was not "direction or demand that the person to whom it is directed *** perform or refrain from the doing of some prescribed act" (internal quotation marks omitted)); *Williams v. Williams*, 23 N.Y.2d 592, 596 n.1 (1969) (noting that the types of process that may create a cause of action for abuse of process include "attachment, execution, garnishment, or sequestration proceedings, or arrest of the person, or criminal prosecution, or even such infrequent cases as the use of a subpoena for the collection of a debt").

Accordingly, Plaintiff has failed to adequately plead the first element of an abuse of process claim against either Defendant. Defendants' motion to dismiss the Amended Complaint is granted.

**B.** *Sanctions*

Plaintiffs do not contend that Defendants failed to satisfy the procedural requirements of Rule 11. (*See generally* Pls.' Sanctions Opp.)[7] Accordingly, I need only exercise my wide discretion in determining whether sanctions are appropriate. *See Perez*, 373 F.3d at 325.

---

[7] "Pls.' Sanctions Opp." refers to Plaintiffs' Memorandum of Law in Opposition to Defendants' Motions for Sanctions Pursuant to FRCP Rule 11, filed December 31, 2018. (Doc. 46.)

9

Plaintiffs cited two cases in which courts have found that the initiation of multiple lawsuits or the filing of an appeal could support a cause of action for abuse of process. *See supra* Part IV.B. In light of those two cases, although they are distinguishable from this case, I find that Plaintiffs' allegations were not "utterly lacking in support." *Highgates Equities*, 279 F.3d at 154.

Accordingly, Defendants' motion for sanctions is denied. Plaintiffs' request for attorneys' fees, (*see* Pls.' Sanctions Opp. 13–15), is also denied.

### V. Conclusion

For the foregoing reasons, Defendants' motion to dismiss the amended complaint is GRANTED, and their motion for sanctions is DENIED. The Clerk of Court is directed to terminate all open motions and to close this case.

SO ORDERED.

Dated: September 22, 2019
 New York, New York

_____
Vernon S. Broderick
United States District Judge